UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SELECT SPECIALTY HOSPITAL –  QUAD CITIES, INC. | : : | |
| Plaintiff | : | NO. |
| | : | |
| v. | : | CIVIL LAW |
| | : | |
| WH ADMINISTRATORS, INC. | : | |
| Defendant | : | |

## COMPLAINT

Plaintiff, Select Specialty Hospital – Quad Cities, by its undersigned attorneys, hereby files this Complaint, and alleges the following upon information and belief:

## PARTIES

1. The Plaintiff, Select Specialty Hospital – Quad Cities, Inc. ("SSH" or "Plaintiff"), is a Delaware Corporation, qualified to do business in Iowa, with a principal place of business located at 1111 West Kimberly Road, Davenport, Iowa 52806.

2. The Defendant, WH Administrators, Inc. ("WH" or "Defendant") is a Texas Corporation, with a principal place of business located at 2 Bethesda Metro Center, Suite 450, Bethesda, Maryland 20814.

3. Defendant's Resident Agent is The Corporation Trust, Incorporated, with an address of 2405 York Road, Suite 201, Timonium, Maryland 21093.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in the United States District Court under 28 U.S.C. § 1332, because the parties have diversity of citizenship, and the amount in controversy exceeds $75,000.

5. Venue is proper in the United States District Court for the Southern District of Maryland under 28 U.S.C. § 1391 because the Defendant is subject to this Court's personal jurisdiction.

## BACKGROUND

6. SSH is a long-term acute care hospital serving high-acuity patients who require comprehensive, specialized care during critical care recovery.

7. SSH admitted J.K. ("the Patient") in good faith for treatment on October 19, 2016.

8. At the time of her admission, the Patient was covered under an employer-sponsored preferred provider organization ("PPO") health care plan, Policy Number 0515956, Group Number 810054 ("Plan").

16. SSH resubmitted its claim in the amount of $200,214.98 to WH on January 3, 2017.

17. Despite numerous efforts by SSH to obtain payment, WH has failed or refused to pay for serviced rendered to the Patient under the Plan.

## COUNT I – BREACH OF CONTRACT

18. The averments of paragraphs 1 through 18 above are incorporated by reference as if fully set forth herein.

19. Under the Plan, the Patient was entitled to coverage for the health care services provided to her by SSH between October 19, 2016 and November 16, 2016.

20. The Patient assigned to SSH her right to reimbursement for health care services under the Plan.

21. As the assignee of the Patient's rights under the Plan, SSH has the right to collect for health care services rendered to the Patient that should have been paid under the Plan.

22. By failing or refusing to pay for the health care services rendered to the Patient by SSH between October 19, 2016 and November 16, 2016, WH breached its contractual obligations under the Plan.

23. As a result of WH's failure or refusal to pay, SSH has suffered monetary damages.

9. At the time of the Patient's admission, her Plan was administered by Benefit Administrative Systems, Inc. ("BAS"), which verified the Patient's coverage under the Plan and authorized the Patient's admission and treatment at SSH.

10. On October 19, 2016, the Patient assigned her rights under the Plan to SSH, including her right to benefits for treatment provided by SSH, and specifically authorized SSH to file claims necessary to the collection of such benefits.

11. The Patient remained under the care of SSH until her death on November 16, 2016.

12. During that period, SSH provided services to the Patient valued at $200,214.98.

13. On November 28, 2016, SSH submitted to BAS a claim in the amount of $200,214.98 for services provided to the Patient.

14. On January 3, 2017, BAS informed SSH that administration of the Plan had been transferred to WH, and that SSH's claim for payment should be submitted to WH.

15. On information and belief, all rights and obligations associated with administration of the Plan were assigned to WH sometime on or before January 3, 2017.

WHEREFORE, SSH requests judgment against WH in the amount of $200,214.98, plus prejudgment interest, attorneys' fees, costs, and other such relief as the Court deems appropriate.

## COUNT II – PROMISSORY ESTOPPEL

24. The averments of paragraphs 1 through 24 above are incorporated by reference as if fully set forth herein.

25. Prior to its treatment of the Patient, SSH sought to verify that SSH would be reimbursed under the Plan for treatment provided to the Patient.

26. To do so, SSH contacted the Plan administrator on October 19, 2016, at which time the Plan administrator verified the Patient's coverage under the Plan and authorized her admission and treatment at SSH.

27. The Plan administrator expected that SSH would rely on its confirmation of the Patient's coverage and its authorization for her treatment to proceed in providing health care services to the Patient.

28. In reliance on the Plan administrator's verification that the Patient was covered under the Plan, and its explicit authorization for her treatment, and to the detriment of SSH, it provided health care services to the Patient valued at $200,214.98.

29. Yet, WH has steadfastly refused to pay for the services provided by to the Patient.

WHEREFORE, SSH requests judgment against WH in the amount of $200,214.98, plus prejudgment interest, attorneys' fees, costs, and other such relief as the Court deems appropriate.

### COUNT III – BAD FAITH DENIAL OF AN INSURANCE CLAIM

30. The averments of paragraphs 1 through 30 above are incorporated herein by reference as if fully set forth herein.

31. As an health insurance plan administrator, WH has an obligation to exercise good faith in processing claims.

32. In this case, the Patient was covered by the Plan, and was entitled to coverage for the services provided by SSH.

33. As the assignee of the Patient's rights under the Plan, SSH is entitled to payment for the services it provided to the Patient between October 19, 2016 and November 16, 2016.

34. By refusing to pay the valid claims of the Patient, without justification, and with the knowledge that the claim should be paid under the Plan, WH has breached its duty of good faith.

WHEREFORE, SSH requests judgment against WH in the amount of $200,214.98, plus punitive damages, prejudgment interest, attorneys' fees, costs, and other such relief as the Court deems appropriate.

Respectfully submitted,
CGA LAW FIRM


BY: /s/ Zachary E. Nahass
     Zachary E. Nahass, Esquire
     135 North George Street
     York, PA 17401
     T. 717-848-4900
     F. 717-843-9039
     *znahass@cgalaw.com*